# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

CHARLES ASHFORD                                                                                           PLAINTIFF
ADC #133975

V.                                          NO: 5:09CV00202 SWW/HDY

RUCKER *et al.*                                                                                           DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

## INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge Susan W. Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the

    hearing before the Magistrate Judge.

3.  The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

  Mail your objections and "Statement of Necessity" to:

    Clerk, United States District Court
    Eastern District of Arkansas
    600 West Capitol Avenue, Suite A149
    Little Rock, AR 72201-3325

## **DISPOSITION**

  Plaintiff, currently incarcerated at the Varner Super Max Unit of the Arkansas Department of Correction ("ADC"), filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, (docket entry #2), on July 22, 2009, alleging that he was attacked by a mob. On July 23, 2009, Plaintiff was ordered to file an amended complaint, which described the nature of the attack, the role each Defendant had in the attack, and the injuries he sustained. Plaintiff filed two amended complaints (docket entries #5 & #7).[1] On August 13, 2009, Plaintiff's motion for an extension of time to file an amended complaint was granted (docket entry #8). Plaintiff has now filed another amended complaint (docket entry #10). Because Plaintiff's complaint, as amended, identifies only verbal attacks and mental injuries, it must be dismissed for failure to state an actionable claim.

---

[1] In the amended complaint he filed on August 12, 2009 (docket entry #7), Plaintiff indicates a desire to dismiss the amended complaint filed on "July 3, 2009." This case was not filed until July 22, 2009, but Plaintiff appears to be referring to his amended complaint filed on August 3, 2009 (docket entry #5).

### I. Screening

Before docketing the complaint, or as soon thereafter as practicable, the Court must review the complaint to identify cognizable claims or dismiss the complaint if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. Fed.R.Civ.P. 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." In *Bell Atlantic Corporation v. Twombly*, 127 S.Ct. 1955, 1964-5 (2007) (overruling *Conley v. Gibson*, 355 U.S. 41 (1967), and setting new standard for failure to state a claim upon which relief may be granted), the Court stated, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment]to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do....Factual allegations must be enough to raise a right to relief above the speculative level," *citing* 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). A complaint must contain enough facts to state a claim to relief that is plausible on its face, not merely conceivable. *Twombly* at 1974. However, a *pro se* plaintiff's allegations must be construed liberally. *Burke v. North Dakota Dept. of Corr. & Rehab.*, 294 F.3d 1043, 1043-1044 (8th Cir.2002) (citations omitted).

### II. Analysis

Plaintiff's amended complaint makes clear that the attack by the mob was a verbal attack, with each Defendant joining in the verbal assault and calling him names. Plaintiff claims ongoing "depression and mental anguish" as a result of the attack. However, name calling and verbal threats such as those described by Plaintiff are not constitutional violations. *See Hopson v. Fredericksen*, 961 F.2d 1374, 1378 (8th Cir.1992)(verbal threats); *Martin v. Sargent*, 780 F.2d 1334, 1338 (8th

Cir.1985)(name calling). Additionally, Plaintiff identified no physical injury. Without a physical injury, mental or emotional injuries are not actionable. *See* 42 U.S.C. § 1997e(e).[2] Accordingly, Plaintiff's complaint fails to state a claim upon which relief may be granted, and must be dismissed.

### III. Conclusion

IT IS THEREFORE RECOMMENDED THAT:

1. Plaintiff's complaint be DISMISSED WITH PREJUDICE for failure to state a claim upon which relief may be granted.

2. This dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

3. The Court certify that an *in forma pauperis* appeal taken from the order and judgment dismissing this action is considered frivolous and not in good faith.

DATED this  8  day of September, 2009.

_____
UNITED STATES MAGISTRATE JUDGE

---

[2] "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." *Id*.